UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eliakim Shabazz, # 190455, <br> aka Maurice Edwards, <br>                       Plaintiff, <br><br> vs. <br><br> Officer NFN Andrews, Mailroom Clerk at Kirkland C. I.; <br> Mrs. NFN Freeman, Mailroom Clerk at Allendale C. I. <br> NFN Derrick, Nurse, Allendale C. I.; <br> NFN Byrne, Doctor, Allendale C. I.; <br> D. McClary, Dental Assistant, Lee C. I.; <br> Ms. NFN Ritzon, Mailroom Clerk at Lee C. I.; <br> Department of Corrections Mail Services at Kirkland C. I.; <br> Department of Corrections Mail Services at Allendale C. I.; <br> Department of Corrections Mail Services at Lee C. I.; <br> Dental Services at Allendale C.I.; <br> Dental Services at Lee C. I.; <br> Medical Services of Allendale C.I.; and <br> Warden A. J. Padula of Lee C. I., <br>                       Defendants. | C/A No. 4:07-2626-MBS-TER <br><br><br> Report and Recommendation |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at Lee Correctional Institution in Bishopville, South Carolina. The institution is part of the South Carolina Department of Corrections (SCDC) prison system. Plaintiff has many complaints about his medical and dental care and about the problems he has had with receiving legal mail in SCDC institutions. He is suing SCDC officials and employees at several different institutions: Lee, Kirkland and Allendale. In addition to the individual officials and employees, Plaintiff has also

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

named certain institutional mail "departments" and medical/dental "services" as Defendants in this action.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n.7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs*., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

This case should be summarily dismissed as to Defendants Department of Corrections Mail Services at Kirkland C. I.; Department of Corrections Mail Services at Allendale C. I.; Department

of Corrections Mail Services at Lee C. I.; Dental Services at Allendale C.I.; and Dental Services at Lee C. I., and these parties should be terminated from the list of Defendants because no § 1983 claim may be stated against these non-persons. In order to state a claim for damages under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person."

For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent (such as "Department" or "Services" used in Plaintiff's Complaint) as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim

---

[2] Plaintiff's Complaint is before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3

against a "person" as required in § 1983 actions. *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D. N.Y. Jun 20, 1991). Identification of a defendant as a "Department" or "Service" is the equivalent of this use of "staff" to name a defendant, and, as indicated in the cases cited above, such a party in a civil action does not qualify as a person. Since Plaintiff cannot state a viable § 1983 claim against these five Defendants, they should be dismissed from this case.

## Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* and without issuance and service of process as to Defendants Department of Corrections Mail Services at Kirkland C. I.; Department of Corrections Mail Services at Allendale C. I.; Department of Corrections Mail Services at Lee C. I.; Dental Services at Allendale C.I.; and Dental Services at Lee C. I. only. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants. Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 5 , 2007
Florence, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).