IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ELIAKIM SHABAZZ, <br> a/k/a Maurice Edwards, <br><br> Plaintiff, <br><br> v. <br><br><br> Officer NFN Andrews, Mailroom Clerk at Kirkland C. I.; <br> Mrs. NFN Freeman, Mailroom Clerk at Allendale C. I. <br> NFN Derrick, Nurse, Allendale C. I.; <br> NFN Byrne, Doctor, Allendale C. I.; <br> D. McClary, Dental Assistant, Lee C. I.; <br> Ms. NFN Ritzon, Mailroom Clerk at Lee C. I.; <br> Department of Corrections Mail Services at Kirkland C. I.; <br> Department of Corrections Mail Services at Allendale C. I.; <br> Department of Corrections Mail Services at Lee C. I.; <br> Dental Services at Allendale C.I.; <br> Dental Services at Lee C. I.; <br> Medical Services of Allendale C.I.; and <br> Warden A. J. Padula of Lee C. I., <br><br> Defendants. | C/A No. 4:07-2626-MBS-TER <br><br><br><br> REPORT AND <br> RECOMMENDATION |

The plaintiff Eliakim Shabazz ("plaintiff" or "Shabazz") filed this action pro se on July 31, 2007[1]. The plaintiff is an inmate presently incarcerated at the Lee Correctional Institution in Bishopville, South Carolina (LCI). The plaintiff has filed this lawsuit asserting that his constitutional rights are being violated.

On August 22, 2007, plaintiff filed a motion for injunctive relief. In this motion, plaintiff

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

appears to seek injunctive relief on four grounds. Plaintiff seeks to be transferred from LCI to Mannings Correctional Institution or Estelle's Federal Institution and to have his custody level changed. Next, plaintiff asserts that he must walk to retrieve his medication two times per day and he has a callous on the bottom of his left foot that causes pain. Plaintiff asserts that his dorm is the last dorm on the yard causing him to have to do a lot of walking and presumably wants to be moved to a different dorm. Plaintiff states in his motion that he requests "to be medically excused from the program early upon completing the needed test. That way he would leave on amicable terms." However, plaintiff does not explain what program or exactly what injunctive relief he is seeking. Third, plaintiff seeks relief to be free to utilize the law library in a normal fashion. Lastly, plaintiff states he fears he will be harassed, he does not feel secure in this part of the SCDC because an officer acted "cold' to him. It is unclear what relief plaintiff is seeking in this ground. However, plaintiff did not allege or provide evidence of any actual injury or threats.

Defendants filed a response in opposition asserting that plaintiff is unable to meet the required showing to be granted a temporary restraining order or the requirements necessary to grant injunctive relief.

The Court should consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendants if an injunction is issued; and (d) the public interest.

North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749 (4th Cir. 1979) See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977). However, preliminary relief directed

to running a state prison should be granted only in compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

The two most important factors are probable irreparable injury to the plaintiff if the relief is not granted and the likelihood of harm to the defendants if the injunction is granted. North Carolina State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d at 750.

To satisfy case or controversy requirement of Article III, plaintiff must show a personal threat of ongoing or future harm, the likelihood that the wrongful behavior will occur or continue, and that the threatened injury is impending. Friends of the Earth, Inc. v. Laidlaw Environmental Servs., 528 U.S. 167, 190 (2000); see also City of Los Angeles v. Lyons, 461 U.S.95, 101-102 (1983) (plaintiff must face real and immediate threat of future injury).

Plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

As noted, the courts are directed to leave prison administration to the discretion of those best suited to running the prisons. Granting plaintiff injunctive relief would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order.

Plaintiff only asserts that he seeks to be moved to a different prison, seeks a change in custody level, has to walk some distance to medical and other areas of LCI because he is housed in

the last dorm, and he fears he will be harassed and does not feel secure because an officer acted "cold" toward him. Importantly, the plaintiff has not shown or provided any evidence that he is currently subject to a real and immediate threat of physical harm. See Los Angeles v. Lyons, 461 U.S. 95 (1983). Plaintiff has failed to show a sufficient threat of harm and has failed to show a likelihood of success on the merits. Therefore, it is recommended that plaintiff's motion for injunctive relief be DENIED (Document #11).

## CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that plaintiff's motion for injunctive relief/restraining order (document #11) be DENIED.

                                      Respectfully submitted,

                                      s/Thomas E, Rogers, III
                                      Thomas E. Rogers, III
                                      United States Magistrate Judge

December 18, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**