IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eliakim Shabazz, #190455, a/k/a Maurice Edwards, | ) ) ) | C/A No. 4:07-2626-MBS |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Officer NFN Andrews, Mailroom Clerk at Kirkland C.I.; Mrs. NFN Freeman, Mailroom Clerk at Allendale C.I.; NFN Derrick, Nurse, Allendale C.I.; NFN Byrne, Doctor, Allendale C.I.; D. McClary, Dental Assistant, Lee C.I.; Ms. NFN Ritzon, Mailroom Clerk at Lee C.I.; Department of Corrections Mail Services at Kirkland C.I.; Department of Corrections Mail Services at Allendale C.I.; Department of Corrections Mail Services at Lee C.I.; Dental Services at Allendale C.I.; Dental Services at Lee C.I.; Medical Services o Allendale C.I.; and Warden A.J. Padula of Lee C.I., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **O R D E R** |
| Defendants. | ) ) | |

Plaintiff Eliakim Shabazz is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Lee Correctional Institution in Bishopville, South Carolina. Plaintiff, proceeding pro se, filed a complaint on August 31, 2007, alleging that his constitutional rights have been violated in various respects. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on motion for injunctive relief filed by Plaintiff on August 22, 2007 (Entry 11). Plaintiff seeks (1) to be transferred from Lee Correctional Institution to Manning Correctional Institution; (2) to be medically excused from an addiction treatment program because, since he has a plantar's wart on the bottom of his foot, it is difficult for him to walk to the program;

(3) to have greater access to the law library; and (4) to be free from harassment by correctional officers. Defendants filed a memorandum in opposition to the motion on November 21, 2007. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers III for pretrial handling. On December 18, 2007, the Magistrate Judge filed a Report and Recommendation in which he recommended that Plaintiff's motion for injunctive relief be denied. Plaintiff filed objections to the Report and Recommendation on February 6, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's filing generally reiterates and expands on the allegations of his complaint. Plaintiff asserts that he seeks injunctive relief allowing him to be transferred to Manning Correctional Institution. He further contends that Defendants should be compelled to give him medical care. Plaintiff fails to direct the court to a specific error in the Report and Recommendation. The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). The court has carefully reviewed the record and agrees with the Magistrate Judge that Plaintiff has failed to show a sufficient

threat of harm and has failed to show a likelihood of success on the merits.  See North Carolina State Ports Auth. v. Dart Containerline Co., 592 F.2d 749 (4th Cir. 1979) (noting that, to obtain injunctive relief, a plaintiff must show (a) likelihood of success on the merits; (2) irreparable harm to plaintiff if injunctive relief is denied; (3) lack of injury to defendant if injunctive relief is granted; and (4) the public interest).

The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's motion for injunctive relief (Entry 11) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

February 29, 2008

Columbia, South Carolina

3