IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eliakim Shabazz, #190455, a/k/a Maurice Edwards, <br><br> v. <br><br> Officer NFN Andrews, Mailroom Clerk at Kirkland C.I.; Mrs. FNF Freeman, Mailroom Clerk at Allendale C.I.; NFN Derrick, Nurse, Allendale C.I.; NFN Byrne, Doctor, Allendale C.I.; D. McClary, Dental Assistant, Lee C.I., Ms. NFN Ritzon, Mailroom Clerk at Lee C.I.; and Warden A.J. Padula of Lee C.I., <br><br> Defendants. | Civil Action No. 4:07-2626-MBS-TER <br><br><br> REPORT AND RECOMMENDATION |

The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983 on July 31, 2007.[1] Defendants filed a Motion for Summary Judgment along with a memorandum and affidavits in support on May 14, 2008. (Document #77). The undersigned issued an order filed May 15, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response. On June 26, 2008, an order was issued wherein plaintiff was given an additional ten days to respond to the defendants' motion for summary judgment or his case may be dismissed pursuant to Rule 41(b) and that dismissal would be considered an adjudication on the

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

merits, i.e., with prejudice. Plaintiff has failed to file a response.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment or the Court's orders requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

### II. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 17, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**