IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eliakim Shabazz, # 190455,<br>a/k/a Maurice Edwards,<br>                Plaintiff,<br><br>vs.<br><br>Officer NFN Andrews, Mailroom Clerk at<br>Kirkland C.I.; Mrs. NFN Freeman,<br>Mailroom Clerk at Allendale C.I.; NFN<br>Derrick, Nurse, Allendale C.I.; NFN<br>Byrne, Doctor, Allendale C.I.; D. McClary,<br>Dental Assistant, Lee C.I.; Ms. NFN<br>Ritzon, Mailroom Clerk at Lee C.I.;<br>and Warden A.J. Padula of Lee C.I.,<br><br>                Defendants. | C/A No. 4:07-2626-MBS<br><br><br><br><br><br>**O R D E R** |

      Plaintiff Eliakim Shabazz is an inmate in custody of the South Carolina Department of Corrections. Plaintiff, proceeding pro se, filed a complaint on July 31, 2007, amended August 7, 2007 and September 5, 2007, alleging that his constitutional rights have been violated in various respects. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

      This matter is before the court on motion for summary judgment filed by Defendants Andrews, Freeman, Derrick, Byrne, McClary, Ritzon, and Padula on May 14, 2008. On May 15, 2008, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed no response to the motion for summary judgment.

      On June 26, 2008, the Magistrate Judge granted Plaintiff an additional ten days o respond to Defendants' motion for summary judgment. Plaintiff was advised that if he failed to respond, the

case would be subject to dismissal pursuant to Fed. R. Civ. P. 341(b), and that dismissal would be considered an adjudication on the merits. Plaintiff filed no response to the June 26, 2008 order. Accordingly, on July 17, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within action be dismissed pursuant to Rule 41(b) for failure to prosecute. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
August 13, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**